# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re: §
§
SIMEK, CHRISTINE M § Case No. 13-27914
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on     . The undersigned trustee was appointed on     .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                 $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]         $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/BRENDA PORTER HELMS, TRUSTEE_____
                                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 13-27914 | Judge: DONALD R. CASSLING | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|---|
| Case Name: | SIMEK, CHRISTINE M | | Date Filed (f) or Converted (c): | 07/11/13 (f) |
| | | | 341(a) Meeting Date: | 08/02/13 |
| For Period Ending: | 09/01/14 | | Claims Bar Date: | 04/11/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Interest in father's estate (u) | 0.00 | 23,846.55 | | 23,846.55 | FA |
| Debtor turned over proceeds of inheritance to Trustee in December 2013; Trustee reopened case to administer asset | | | | | |
| 2. CASH ON HAND | 10.00 | 0.00 | | 0.00 | FA |
| 3. Checking account-JP Morgan | 19.00 | 0.00 | | 0.00 | FA |
| 4. Checking account-American Chartered | 20.00 | 0.00 | | 0.00 | FA |
| 5. Savings account | 25.00 | 0.00 | | 0.00 | FA |
| 6. Household goods | 1,000.00 | 0.00 | | 0.00 | FA |
| 7. Wearing apparel | 750.00 | 0.00 | | 0.00 | FA |
| 8. Term Life Insurance | 0.00 | 0.00 | | 0.00 | FA |
| 9. Traditional IRA | 7,095.58 | 0.00 | | 0.00 | FA |
| 10. 401(k) | 2,863.82 | 0.00 | | 0.00 | FA |
| 11. 2006 Jeep Liberty 140,000 miles | 5,347.00 | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $17,130.40 | $23,846.55 | | $23,846.55 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee reviewed Debtor's schedules and examined the Debtor at a section 341 meeting of creditors.  Trustee filed a
report of no assets and the case was closed in October 2013.  Thereafter, Debtor turned over to Trustee the proceeds of
an inheritance she received from her father's estate.  The inheritance was not scheduled.  Trustee moved to reopen the
case which motion was granted on December 20, 2013 and the Trustee was re-appointed on December 26, 2013.  Claims bar

LFORM1    UST Form 101-7-TFR (5/1/2011) *(Page: 3)*    Ver: 18.01

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 13-27914    Judge: DONALD R. CASSLING | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
| Case Name: | SIMEK, CHRISTINE M | Date Filed (f) or Converted (c): | 07/11/13 (f) |
| | | 341(a) Meeting Date: | 08/02/13 |
| | | Claims Bar Date: | 04/11/14 |

date expired 4/11/14.  Trustee reviewed claims and prepared TFR, which was submitted to UST on 8/21/14

Initial Projected Date of Final Report (TFR): 02/28/14        Current Projected Date of Final Report (TFR): 02/28/14

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 13-27914 -CAS | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
| --- | --- | --- | --- |
| Case Name: | SIMEK, CHRISTINE M | Bank Name: | ASSOCIATED BANK |
| | | Account Number / CD #: | *******1707 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******5733 | | |
| For Period Ending: | 09/01/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/08/14 | 1 | William Mueller estate | Inheritance | 1229-000 | 23,287.67 | | 23,287.67 |
| 02/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 26.80 | 23,260.87 |
| 02/15/14 | 010001 | International Sureties Ltd | Bond premiun bond #016026455 | 2300-000 | | 22.10 | 23,238.77 |
| | | 701 Polydras St. #420 | | | | | |
| | | New Orleans LA 70139 | | | | | |
| 03/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 31.23 | 23,207.54 |
| 03/26/14 | 1 | Estate of William Mueller | Inheritance | 1229-000 | 558.88 | | 23,766.42 |
| 04/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 34.66 | 23,731.76 |
| 05/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 34.14 | 23,697.62 |
| 06/06/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 35.23 | 23,662.39 |
| 07/08/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 34.04 | 23,628.35 |
| 08/08/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 35.13 | 23,593.22 |

|  | | | |
| --- | --- | --- | --- |
| COLUMN TOTALS | 23,846.55 | 253.33 | 23,593.22 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 23,846.55 | 253.33 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 23,846.55 | 253.33 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
| --- | --- | --- | --- |
| Checking Account (Non-Interest Earn - ********1707 | 23,846.55 | 253.33 | 23,593.22 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 23,846.55 | 253.33 | 23,593.22 |
| | =========== | =========== | =========== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals  23,846.55  253.33

**FORM 2**

Page: 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 13-27914 -CAS | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|
| Case Name: | SIMEK, CHRISTINE M | Bank Name: | ASSOCIATED BANK |
| | | Account Number / CD #: | *******1707  Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******5733 | | |
| For Period Ending: | 09/01/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

Trustee's Signature: /s/ BRENDA PORTER HELMS, TRUSTEE    Date: 09/01/14
BRENDA PORTER HELMS, TRUSTEE

Page Subtotals    0.00    0.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | | Date: September 01, 2014 |
|---|---|---|---|---|---|---|---|

Case Number:   13-27914  
Debtor Name:   SIMEK, CHRISTINE M

Priority Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|---|
| 001<br>2100-00 | Brenda Porter Helms, Trustee | Administrative | | | $0.00 | $2,375.39 | $2,375.39 |
| 001<br>2700-00 | Clerk, United States Bankruptcy Court | Administrative | | | $0.00 | $260.00 | $260.00 |
| | Subtotal for Priority 001 | | | | $0.00 | $2,635.39 | $2,635.39 |
| 000006<br>070<br>7100-00 | Citibank, N.A.<br>c/o American InfoSource LP<br>PO Box 248840<br>Oklahoma City, OK 73124-8840 | Unsecured | | | $402.00 | $439.00 | $439.00 |
| 00001<br>070<br>7100-00 | Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 | Unsecured | | | $494.00 | $534.23 | $534.23 |
| 00002<br>070<br>7100-00 | Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 | Unsecured | | | $935.00 | $935.33 | $935.33 |
| 00003<br>070<br>7100-00 | Truemper, Titiner & Brouch Ltd<br>c/o Steven D. Titiner<br>1700 N. Farnsworth Ave<br>Aurora, IL 60505 | Unsecured | | | $4,500.00 | $4,413.25 | $4,413.25 |
| 00004<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | | $764.00 | $812.43 | $812.43 |
| 00005<br>070<br>7100-00 | Joseph P. Storto, P.C.<br>100 W. Green Street<br>Bensenville, IL 60106 | Unsecured | | | $6,205.65 | $6,205.65 | $6,205.65 |
| | Subtotal for Priority 070 | | | | $13,300.65 | $13,339.89 | $13,339.89 |
| 999<br>8200-00 | CHRISTINE M SIMEK<br>461 SUNNYBROOK LANE<br>WHEATON, IL 60187 | Unsecured | | | $0.00 | $0.00 | $7,592.62 |
| BOND<br>999<br>2300-00 | International Sureties Ltd<br>701 Polydras St. #420<br>New Orleans LA 70139 | Administrative | 2223271707 | 02/15/14    10001 | $0.00 | $22.10<br>22.10 | $22.10 |
| | Subtotal for Priority 999 | | | | $0.00 | $22.10 | $7,614.72 |
| | Case Totals: | | | | $13,300.65 | $15,997.38 | $23,590.00 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-27914
Case Name: SIMEK, CHRISTINE M
Trustee Name: BRENDA PORTER HELMS, TRUSTEE

Balance on hand                                                                 $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BRENDA PORTER HELMS, TRUSTEE | $ | $ | $ |
| Charges: Clerk, United States Bankruptcy Court | $ | $ | $ |
| Other: International Sureties Ltd | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses                 $_____

Remaining Balance                                                        $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 00001 | Quantum3 Group LLC as agent for | $ | $ | $ |
| 00002 | Quantum3 Group LLC as agent for | $ | $ | $ |
| 00003 | Truemper, Titiner & Brouch Ltd | $ | $ | $ |
| 00004 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 00005 | Joseph P. Storto, P.C. | $ | $ | $ |
| 000006 | Citibank, N.A. | $ | $ | $ |

    Total to be paid to timely general unsecured creditors    $_____

    Remaining Balance    $_____

    Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of        % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $         . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $         .